IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO WILSON DORSEY,

    Plaintiff,

    v.

BALTIMORE COUNTY
PUBLIC SCHOOLS,

    Defendant.

    \*    Civil Action No. RDB-17-1717

## **MEMORANDUM OPINION**

Plaintiff Antonio Wilson Dorsey ("Plaintiff" or "Dorsey"), brings this *pro se* action against Defendant Baltimore County Public Schools ("Defendant" or "School System"),[1] asserting claims for unequal employment, harassment, retaliation, wrongful discharge, and breach of contract in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*, and "[o]ther federal law."[2] (ECF Nos. 1, 4, 6, 9.) Currently pending before this Court is the Defendant's Motion to Dismiss.[3] (ECF No. 12.) The parties' submissions have

---

[1] The proper name for this entity is the "Board of Education of Baltimore County." *See* Md. Code Ann., Educ. § 3-104. Pursuant to the separate Order that follows, the Clerk of the Court is directed to re-caption the case accordingly.

[2] In the initial Complaint Plaintiff brought claims for unequal terms in his employment, retaliation, and harassment. (ECF No. 1.) In the Second Amended Complaint and Supplement to that Complaint, Plaintiff added two more claims for termination and breach of contract. (ECF No. 6, 9.) Although an amended complaint typically replaces an earlier complaint, this Court will consider all of the Plaintiff's Complaints in light of his *pro se* status.

[3] Also before this Court is Plaintiff's Motion Amend Docket to Reflect AFSCME Council 67 Local 434 as a Defendant (ECF No. 16.) In the two Amended Complaints, Plaintiff attempted to join "AFSCME Council 67 Local 434" as a defendant. (ECF Nos. 4, 6, 9.) However, the Plaintiff never served AFSCME. Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve process on the defendant within ninety (90) days after the Complaint is filed. Fed. R. Civ. P. 4(m). This rule further provides that if a plaintiff fails to timely serve process on the defendant, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. Even when counting from the Supplement to the Second Amended Complaint, which was filed on September 25, 2017, well over ninety (90) days have passed. (ECF No. 9.) Moreover, Dorsey does not differentiate the claims made against AFSCME from the School System, which this Court

1

been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED, and Plaintiff's Claims are DISMISSED.

**BACKGROUND**

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. See *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (2011). This Court also recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff Dorsey, an African-American male, filed the instant Complaint against the Defendant School System on June 22, 2017, using a *pro se* Complaint for Employment Discrimination form. (ECF No. 1.) Dorsey checked the boxes indicating that the discriminatory conduct included unequal terms in his employment, retaliation, and harassment.[4] (*Id.*) Subsequently, Dorsey filed two Amended Complaints and a Supplement to the Second Amended Complaint. (ECF Nos. 4, 6, 9.) In these subsequent filings, Dorsey added two more claims, termination and breach of contract, and also attempted to join "AFSCME Council 67 Local 434" as a defendant.[5] (*Id.*) Dorsey asserts that his claims arise from Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*, and "[o]ther federal law." (ECF No. 9.) Dorsey claims that the School System discriminated against him based

---

dismisses. For these reasons, Plaintiff's Motion to Amend Docket to Reflect AFSCME Council 67 Local 434 as a Defendant (ECF No. 16) is DENIED.
[4] The Complaint for Employment Discrimination form does not include harassment as an option, yet allows plaintiffs to specify other acts, which Dorsey specified as harassment. (ECF No. 1 at 5.)
[5] In the latest filing, the Supplement to the Second Amended Complaint, Dorsey omitted the original harassment claim. (ECF No. 9.) While the School System notes that "harassment" does not appear in the Supplement to the Second Amended Complaint (ECF No. 9), the School System does not explicitly argue that the harassment claim should be disregarded for that reason. (ECF No. 12-1 at 6.) Given Dorsey's *pro se* status, this Court will consider his harassment claim.

on his race, color, gender, and religion.[6] (ECF No. 9.)

Dorsey did not provide a statement of his claim in the *pro se* Complaint form. Rather, his allegations rely upon documents attached to the Complaints, which include: (1) a U.S. Equal Employment Opportunity Commission ("EEOC") Charge document (ECF No. 1-3), (2) a EEOC Intake Questionnaire document (ECF No. 1-2), and (3) a selection of letters and e-mails (ECF No. 6-1.)[7] Generally speaking, these documents are illegible, rambling, and difficult to follow. Nevertheless, this Court has accorded liberal construction to these documents as required by *Erickson*, 551 U.S. at 94, and meticulously reviewed the documents to discern the following factual allegations relevant to Dorsey's claim.

Dorsey began working for the School System on August 20, 2004. (ECF Nos. 1-2, 1-3.) Dorsey was originally hired as a Building Service Worker but was promoted to a Custodial Trainer position in 2013 or 2014. (ECF No. 6-1 at 4.) Dorsey claims that after this promotion, "M.E.", a Senior Operations Supervisor with the School System, began to discriminate against Dorsey.[8] (ECF Nos. 1, 1-3.) On February 11, 2015, M.E. met with Dorsey to address rumors that were being spread about other School System employees. (ECF Nos. 1-2, 6-1.) At this meeting, Dorsey was represented by "R.D.", a union representative with American Federation of State, County and Municipal Employees ("AFSCME"). (*Id.*) M.E. claimed that Dorsey was the employee who was spreading the rumors. (*Id.*) Dorsey told M.E. that the accusation could not be true since he had "nothing

---

[6] Dorsey listed his religion as "Christian." (ECF No. 9.)
[7] Dorsey has physically annotated these letters and e-mails, indicating what he believes is false. (ECF No. 6-1.) Therefore, this Court has accepted certain facts, which Dorsey did not mark as false.
[8] In the Charge Document, Dorsey claims that the alleged discrimination began in 2015. (ECF No. 1.) However, in Dorsey's immediate Complaint he claims that the alleged discrimination occurred between 2014 and 2017. (ECF No. 1-3.)

to do with anything." (ECF No. 1-2 at 10.) Towards the end of the meeting, R.D. commented that M.E. did not like Dorsey because Dorsey was "black with long hair." (*Id.* at 2, 10, 14.) While M.E. immediately denied this accusation, he allegedly turned "all red" and "stormed out [of the room]." (*Id.* at 10.)

Approximately two years later, in February of 2017, M.E. and Dorsey met on a few occasions to once again discuss rumors about other School System personnel, which M.E. accused Dorsey of spreading. (ECF Nos. 1-2, 6-1.) After several meetings, on March 29, 2017, Dorsey received a letter from M.E., informing him that he would be transferred to another facility. (ECF No. 6-1 at 6.) In this letter, M.E. claimed that this decision arose from other employee's claims that they could not work with Dorsey. (*Id.*) However, Dorsey claims that such rumors are false since he was a good employee who was always trying to help people.[9] (*Id.*) Dorsey claims that he had collegial relationships with the complainant employees. (*Id.*) Moreover, Dorsey spoke with these employees who told Dorsey that they have no problem working with him. (*Id.*; ECF No. 1-2.)

After telling the School System that "he was working in a unsafe work environment due to the stress," and that he "didn't feel comfortable going to the [transfer location] because of the unsafe environment they were putting [him] in," he never returned to work.[10] (ECF No. 6 at 2.) On May 3, 2017, Dorsey received a letter from the school system informing him that if he did not contact the School System by May 8, he would be terminated. (ECF No. 6-1 at 13-14.) Dorsey was eventually terminated. (ECF No. 6.)

---

[9] In a letter from M.E. to Dorsey, M.E. admits that Dorsey was a "good employee but that is not what [the] meetings have been about." (ECF No. 6-1 at 6.) The letter states that the goal of the meetings was to "stop untrue, baseless, [and] unprofessional behavior." (*Id.*)
[10] The last day that Dorsey worked, March 21, 2017, predates the letter that Dorsey received on March 29, 2017. (ECF No. 6-1 at 13.)

4

In addition to the facts stated above, Dorsey makes some other semi-factual claims. First, he claims that M.E. never investigated the employees who complained about him. (ECF No. 6-1 at 20.) Second, he claims that the School System promoted other problematic employees. (ECF Nos. 1-2, 6-1.) Finally, he claims that he overheard a conversation between "P.E.", Dorsey's immediate supervisor, and another school system employee. (ECF No. 1-2 at 10.) After overhearing this, Dorsey knew "that [he] wasnt [sic] the only young black [A]frican [A]merican male that [M.E.] trie[d] to bully and talk and do anything to us [that M.E.] wants." (*Id.*) However, Dorsey does not explain the content of the conversation or what discriminatory allegations he heard. (*Id.*)

On March 23, 2017, Dorsey filed a Charge Document and Intake Questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC").[11] (ECF No. 1-3.) After reviewing his Charge, the EEOC was unable to conclude that there was a reasonable cause to believe discrimination occurred. Therefore, the EEOC forwarded a Notice of Right to Sue letter to Dorsey on April 18, 2017.[12] (ECF No. 12-2.) Dorsey has included the Charge document and Intake Questionnaire document with his initial Complaint. Presently before this Court is the School System's Motion to Dismiss. (ECF No. 12.)

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be

---

[11] The Intake Questionnaire contained a fourteen page narrative, which appears to have been originally written as part of an undated complaint that Dorsey had previously filed with the School System's Department of Human Resources. (*Id.*) The Intake Questionnaire is rambling and illegible.

[12] Although Dorsey did not attach his Notice of Right to Sue letter to the Complaint, the EEOC only issues Notice of Right to Sue letters if it is unable to conclude that there is reasonable cause to believe discrimination occurred. If the EEOC had concluded that there was reasonable cause to believe discrimination occurred, the parties would have received Letters of Determination. https://www.eeoc.gov/employers/process.cfm.

granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Further, a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700,

6

705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendant's Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge. *See Stennis v. Bowie State Univ.*, 236 F.Supp.3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

The School System asserts that Dorsey's claims should be dismissed because he fails to state a claim that relief can be granted upon.[13] (ECF No. 12.) While Dorsey's Complaints are replete with *legal conclusions* regarding the many ways in which the School System allegedly discriminated against him, the Complaints are largely devoid of *factual allegations* to support these legal theories.

As the United States Court of Appeals for the Fourth Circuit recently explained in *Swaso v. Onslow County Bd. of Educ.*, No. 16-2347, 698 Fed. App'x. 745 (4th Cir. 2017), a

---

[13] The School System also asserts that this Court lacks subject matter jurisdiction. (ECF No. 12.) However, the arguments put forth regarding subject matter jurisdiction are being considered under Rule 12(b)(6).

plaintiff may establish a discrimination claim under Title VII by showing direct or circumstantial evidence that the plaintiff's status in a protected class was a motivating factor in an adverse employment action or by relying on the burden-shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso*, 698 Fed. App'x. at 747 (citing *Holland v. Wash. Homes, Inc.*, 487 f.3d 208, 213-14 (4th Cir. 2007)). Under the *McDonnel Douglas* framework, the plaintiff must first make out a *prima facie* case of discrimination by showing that (1) she or he is a member of a protected class; (2) her or his job performance was satisfactory; (3) she or he was subjected to an adverse employment action; and (4) "the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.'" *Id.* (quoting *Adams v. Tr. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). While a plaintiff does not need to plead a *prima facie* case to survive a motion to dismiss, the plaintiff must meet the ordinary pleadings standard under *Twombly* and *Iqbal. McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015) (explaining that a plaintiff is still "required to allege facts to satisfy the elements of a cause of action" under Title VII).

The only factual allegation related to race, color, gender, and religion is that when M.E. was accused of discriminating against Dorsey he turned red and stormed out of the room. (ECF No. 1-2 at 10). Other factual allegations may demonstrate favoritism, but do not demonstrate discrimination related to race, color, gender, and religion. For example, the following allegations are not discriminatory: (1) the School System promoted other employees who had misbehaved (ECF No. 1-2 at 10); (2) M.E. did not investigate the employees who allegedly accused Dorsey of spreading rumors (ECF Nos. 1-2, 6-1); and (3)

8

the school system terminated Dorsey's employment after he stopped showing up to work and stated that he "didn't feel comfortable" with the transfer (ECF No.6 at 4.)

Even accepting the one factual allegation related to race and color as true, Dorsey fails to state a plausible claim that his termination and other adverse employment actions were the result of the School Systems unlawful discrimination against him. Therefore, at a minimum, Dorsey does not satisfy the fourth element under the *McDonnel Douglas* framework. Accordingly, Dorsey's retaliation, discrimination, unequal employment terms, hostile work environment, and wrongful termination claims do not allege sufficient facts to satisfy a cause of action.

Additionally, Dorsey's breach of contract claim fails to state a claim. Dorsey states that he told the School System and AFSCME "everything that was happening" yet both parties would not help him. (ECF No. 6.) Once again, there are insufficient *factual allegations* to survive a motion to dismiss. Accordingly, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED and Plaintiff's Claims are DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED, Plaintiff's Claims are DISMISSED, and Plaintiff's Motion Amend Docket to Reflect AFSCME Council 67 Local 434 as a Defendant (ECF No. 16) is DENIED. A separate Order follows.

Dated: March 27, 2017

\_\_\_/s/_____
Richard D. Bennett
United States District Judge